**S. BLECHMAN & SONS, Inc., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 37, Docket 23471.

United States Court of Appeals Second Circuit.

Argued Jan. 20, 1956.

Decided Feb. 6, 1956.

Robert M. Lipton, New York City, for petitioner-appellant.

H. Brian Holland, Asst. Atty. Gen. (Ellis N. Slack, A. F. Prescott, John J. Kelley, Jr., Sp. Assts. to Atty. Gen), for respondent-appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

The sole issue on appeal is whether the Tax Court erred in finding that the disputed expenditure was for the purchase of securities, rather than the cancellation of an employment contract. The question is one of fact. Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171. Hence the decision of the Tax Court must be affirmed, unless clearly erroneous. Fed.Rules Civ.Proc. rule 52, 28 U.S.C.A., United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746, rehearing denied 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147.

The payment in question was made pursuant to an agreement between the taxpayer and Marx Slonim, a stockholder in the taxpayer, and Slonim's wife, owner of debentures issued by the taxpayer. The agreement provided that Slonim and his wife were to sell their securities to the taxpayer, that Slonim was to resign as director, officer and employee of the taxpayer, and that he and his wife were to release any claims against the taxpayer and its other directors and stockholders. The contract specified a consideration of $120,000.

Two officers of the taxpayer testified that $24,000 of the total consideration represented payment to Slonim for the termination of his employment contract. It appeared, however, that Slonim was employed on a year-to-year arrangement and Slonim testified that he had

asked for $150,000 as he figured "the business is worth that much," which was some indication that the entire payment was for the debentures and the stock. Moreover, one of the exhibits was an affidavit of petitioner's president, stating that Slonim had resigned and "sold his holdings * * * consisting of 440 shares of common stock and $24,200 debenture bonds held by his wife * * * to the corporation for the sum of $120,000." We cannot say, on this record, that the Tax Court was clearly wrong in resolving this issue of fact against the taxpayer. . .

Affirmed.